TONOPAH & TIDEWATER RAILROAD COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90482. Promulgated May 25, 1939.

*H. W. Stelle, Esq.*, for the petitioner.
*Frank Gibbs, Esq.*, for the respondent.

OPINION.

HILL: The sole question presented for determination is whether the interest paid to nonresident alien individuals and foreign corporations under the circumstances detailed in the stipulated facts was income from sources within the United States, taxable under sections 143 and 144 of the Revenue Act of 1936. If the interest so paid was such income, the deficiency determined by respondent must be approved; otherwise there is no deficiency.

Section 119 (a) (1) of the Revenue Act of 1936 provides in material part as follows:

SEC. 119. INCOME WITHIN THE UNITED STATES.

(a) GROSS INCOME FROM SOURCES IN UNITED STATES.—The following items of gross income shall be treated as income from sources within the United States:

(1) INTEREST.—Interest from the United States, any Territory, any political subdivision of a Territory, or the District of Columbia, and interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including * * *

Sections 143 and 144 of said act provide in part as follows:

[SEC. 143.] (b) All persons, in whatever capacity acting, including lessees or mortgagors of real and personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal or payment of interest * * * (but only to the extent that any of the above items constitute gross income from sources in the United States), of any nonresident alien individual, * * *, shall * * * deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 10 per centum thereof * * *

SEC. 144. PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

(a) GENERAL RULE.—In the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 143 a tax equal to 15 per centum * * *.

Petitioner contends that it paid no interest in the taxable year on the bonds in question, but that the amount of such interest was paid to the bondholders by Borax Consolidated Ltd. (hereinafter referred to as Borax), under its obligation of guaranty of the principal

and interest of such bonds, out of funds deposited outside the United States, and that therefore the source of income to the bondholders represented by such payment was not from sources within the United States. This contention appears to be based upon the theory that such obligation of guaranty, and not the obligation evidenced by the bonds, was the source of such income to the bondholders.

The respondent contends, on the other hand, that the obligation of guaranty by Borax was not the source of such income but was only an obligation assuring the fulfillment of petitioner's obligation as evidenced by the bonds, and that hence the source of such income was within the United States.

We agree with the contention of respondent. Borax was a British corporation with its principal office in London, England, and it paid such interest out of funds on deposit in England pursuant to its obligation to guarantee such payment. But the thing it paid was the interest on petitioner's bonded debt. The receipt of such payment by the bondholders from Borax under its guaranty was a payment of petitioner's obligation and was income to the bondholders from sources within the United States. The obligation of guaranty by Borax was not an obligation independent of and a substitute for the obligation of petitioner, but the payment by Borax of such interest discharged petitioner's obligation to pay it. Thereafter petitioner owed no one such interest. It had been paid. The interest obligations for 1936 on petitioner's bonds were paid and petitioner was charged by Borax with the amount of advances for such payment. Petitioner did not become indebted to Borax for the amount of such advances as interest, but upon the payment of such interest by Borax there arose an obligation on the part of petitioner to pay Borax for such advances in the amount of the interest obligations so discharged. In fact there could be no discharge of the obligation of Borax as guarantor without a discharge of petitioner's obligation to pay the interest. The tax directed by the revenue act to be withheld is a tax liability of the bondholders upon the income derived by them as interest on the bonds. Such tax liability is not dependent upon payment of such interest out of earnings of petitioner, or of such payment out of a particular fund, or upon the place of payment. It can not be successfully contended that the bondholders did not receive such income or that such income was not derived from the bonds. The income flowed from the bonded debt obligation. *Standard Marine Insurance Co., Ltd.*, 4 B. T. A. 853. The fact that some one other than the petitioner advanced the funds for the payment and actually applied such funds to such payment does not alter the fact that the bondholders derived income from sources within the United States and that petitioner was required to withhold the tax thereon. Borax guaranteed the payment of such interest. In other

words, it guaranteed that petitioner's bond obligations would be met and it made good that guarantee by advancing credit to petitioner in the amount of such obligations. It advanced such credit through the payment for petitioner of such interest and charging the amount thereof as advances to petitioner. The fact that Borax is a British corporation, with its principal office in London, England, and that it paid the interest from funds on deposit in England, does not establish outside of the United States a situs of the obligation which was discharged by the payment of the bond interest. That obligation was the obligation of petitioner and the guaranty which Borax gave was for the fulfillment of that obligation. To the bondholders the moneys received by them from Borax was interest on bonds issued by petitioner, notwithstanding that Borax paid it under its guaranty to do so. Therefore the situs of the obligation that was discharged and from which the income flowed was at all times within the United States and the income received by the bondholders as interest on the bonds was income from sources within the United States. It was the duty of petitioner under the statute to deduct and withhold the tax in question regardless of how or where such interest was paid. The deficiency determined by respondent is approved.

*Decision will be entered for the respondent.*